# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Blackhawk Mining, LLC,**
**Employer Below, Petitioner**

**v.)**  **No. 25-735**  (JCN: 2023014604)
(ICA No. 25-ICA-22)

**Harold G. Elswick II,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Blackhawk Mining, LLC appeals the August 29, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Blackhawk Mining, LLC v. Elswick*, No. 25-ICA-22, 2025 WL 2491282 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision), Respondent Harold G. Elswick II filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the December 16, 2024, decision of the West Virginia Workers' Compensation Board of Review, which reversed the claim administrator's June 13, 2023, order granting 9% permanent partial disability. The Board of Review granted an additional 4% for a total award of 13% permanent partial disability. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The employer asserts that the Board of Review rejected the 9% impairment rating provided by Prasadarao B. Mukkamala, M.D., for arbitrarily splitting impairment between compensable and preexisting conditions 50-50. Bruce A. Guberman, M.D., engaged in the same kind arbitrary apportionment disapproved by this Court in *Duff v. Kanawha County Commission*, 250 W. Va. 510, 520, 905 S.E.2d 528, 538 (2024). Yet, the Board of Review accepted Dr. Guberman's 13% impairment rating without adequate explanation of its reasoning. In addition to arbitrarily splitting impairment between compensable and preexisting conditions, Dr. Guberman also rounded up when calculating impairment without providing a sufficient rationale for doing so. Therefore, the employer argues that this Court should reverse the Board of Review's decision granting an additional 4% for a total award of 13% permanent partial disability. The claimant counters by arguing that the evidence in the record supports the Board of Review's decision and its reliance on Dr. Guberman's report. The claimant argues that reversing the Board of Review would require this

---

[1] The employer appears by counsel Billy R. Shelton, and the claimant appears by counsel Guy R. Bucci, Ashley N. Lynch, and Otis R. Mann Jr.

1

Court to substitute its judgment for the Board's when the Board was not clearly wrong. Therefore, the claimant argues that this Court should affirm the Board of Review's decision.

The Board of Review found that Dr. Mukkamala's apportionment of the claimant's cervical impairment was conclusory and without probative value. The Board of Review stated that Dr. Guberman's "more reasoned and rational" apportionment met the standards this Court set forth in *Duff*. The ICA found that the Board of Review was not clearly wrong in relying on Dr. Guberman's report. *Elswick*, 2025 WL 2491282, at *4. The ICA also noted that the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), which both Drs. Mukkamala and Guberman utilized in rating the claimant's impairment, "contemplate rounding up percentages of apportionment[.]" *Elswick*, 2025 WL 2491282, at *3 n.3.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. *Duff*, 250 W. Va. at 512, 905 S.E.2d at 530, Syl. Pt. 3. Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm.[2] *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: March 24, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[2] The employer filed a motion to strike the appendix that was filed with the claimant's response. Rule 12(h) of the West Virginia Rules of Appellate Procedure provides that, in a workers' compensation appeal, "[t]he respondent may file a separate appendix of additional documents relevant to the issues on appeal not contained in the petitioner's appendix." Therefore, contrary to the employer's initial argument, the claimant did not need this Court's permission to file an appendix. However, in his response to the employer's motion, the claimant concedes that the documents included in his appendix were not included in the record before the Board of Review and the ICA. The claimant argues that the documents he wants to submit on appeal were referenced in other documents that were before the Board of Review and the ICA. Based upon our review of the claimant's appendix, the documents therein are not relevant to the issue on appeal, i.e., permanent partial disability. Therefore, we grant the employer's motion and order the claimant's appendix stricken from the record.